# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| MICHAEL WADE, | * | No. 21-2149V |
| | * | |
| Petitioner, | * | |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: August 30, 2023 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * *

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner;
Rachelle Bishop, United States Dep't of Justice, Washington, D.C., for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Michael Wade alleged that the influenza vaccine he received on November 11, 2018, caused him to develop Graves' disease. Pet., filed Nov. 8, 2021, at 1. On August 29, 2023, Mr. Wade moved for a decision dismissing his petition.

## I.   Procedural History

Michael Wade filed his petition on November 8, 2021. Mr. Wade also filed relevant medical records, which were complete on August 8, 2022, and a damages affidavit on December 1, 2022.

The Secretary filed his Rule 4(c) Report on January 13, 2023, recommending that compensation be denied. The Secretary stated that Mr. Wade had not alleged any Table injury, and that he had not proven causation-in-fact for his injuries. Resp't's Rep. at 15. The Secretary argued Mr. Wade had not offered a reputable medical or scientific theory showing that the flu vaccine can cause Graves' disease, nor an expert report setting forth a reliable medical theory or a logical sequence of cause and effect. Id. The Secretary further argued that Mr. Wade had not shown a proximate temporal relationship between the vaccination and his alleged injury, noting

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

that the medical records and Mr. Wade's own statements therein demonstrated that his thyroid issues and related symptoms predated the November 11, 2018 vaccination. Id. at 15-16.

A status conference was held on January 30, 2023, during which Mr. Wade stated that he was in the process of retaining an expert. See Order, issued Jan. 31, 2023. Draft expert instructions were issued on May 16, 2023. Mr. Wade objected to the inclusion of language concerning how Graves' disease typically progresses. Pet'r's Status Rep., filed May 31, 2023. The instructions were revised to indicate that the Secretary bears the burden of presenting evidence on this issue. Order, issued June 5, 2023. Mr. Wade was ordered to file updated medical records and a status report on his retention of an expert by July 17, 2023. Id.

Mr. Wade filed his medical records on July 17, 2023, and a status report requesting additional time to retain an expert, as he had been waiting to receive the updated records before contacting potential experts. On August 7, 2023, Mr. Wade filed a status report stating that he had identified an expert and was awaiting a response. Mr. Wade was ordered to provide an update by September 6, 2023. Order, issued Aug. 11, 2023.

On August 29, 2023, Mr. Wade filed a motion for a decision dismissing his petition. Mr. Wade stated that an "[a]fter reviewing the updated records in this case, it is apparent that [he] is unlikely to prevail." Pet'r's Mot., filed Aug. 29, 2023 at 1. He "understands that a decision dismissing [his] petition will result in judgment against him [and] will end his rights in the Vaccine Program." Id. Mr. Wade "will file an election against the judgment in accordance with 42 U.S.C. 300aa-§21(a)(2)." Id. The Secretary did not file a response to this motion. This matter is now ready for adjudication.

## II.   Analysis

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Mr. Wade filed medical records in support of his claim, but nonetheless, wishes to have his claim dismissed and judgment entered against him. Though Mr. Wade did not cite to a specific rule when filing this motion, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa—21(b) (regarding involuntary dismissal), given Mr. Wade's clear intent that a judgment issue in this case, protecting his right to file a civil action in the future. See Pet'r's Mot., filed Aug. 29, 2023.

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, although the parties were in the process of presenting arguments, the evidence weighs against a finding that Mr. Wade's Graves' disease was caused by the flu vaccination, as the onset of his symptoms predated the vaccination. See Locane v. Sec'y of Health & Hum.

Servs., No. 99-589V, 2011 WL 3855486, at *9 (Fed. Cl. Feb. 17, 2011), mot for rev. denied, 99 Fed. Cl. 715 (2011), aff'd, 685 F.3d 1375 (Fed. Cir. 2012) (petitioner not entitled to compensation when disease began before she received vaccine). An analysis of the Althen prongs is not necessary. See 685 F.3d 1375 at 1381 ("'Nowhere in the statutory scheme or Federal Circuit precedent emerges a requirement that the special master conduct a causation analysis once the special master has determined that a preponderance of the evidence shows that the onset of the illness predates the vaccination.'"). Accordingly, the undersigned is not required to evaluate whether the influenza vaccine can cause Graves' disease.

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

> s/Christian J. Moran
> Christian J. Moran
> Special Master